**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard Paul Wayne EASTERLY,**
**Defendant–Appellant.**

No. 96–1830.

United States Court of Appeals,
Seventh Circuit.

Submitted July 19, 1996.

Decided Sept. 5, 1996.

Robert T. Coleman (submitted on briefs), Office of U.S. Attorney, Criminal Division, Fairview Heights, IL, Michael C. Carr, Office of U.S. Attorney, Benton, IL, for Plaintiff-Appellee.

Andrea L. Smith, Office of Federal Public Defender, East St. Louis, IL, for Defendant-Appellant.

Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.

POSNER, Chief Judge.

The only question raised by this criminal appeal from a 20–month sentence for a drug violation is whether the district judge was authorized to add a point to the defendant's criminal history for a misdemeanor conviction of having carried a loaded, uncased firearm in a motor vehicle in violation of the State of Illinois' wildlife code. 520 ILCS 5/2.33(n). If not, the judge made clear, the defendant's sentence would have been 18 months rather than 20 months.

The federal sentencing guidelines exclude fish and game violations from a defendant's criminal history, provided that, as was the case here, the sentence imposed was either a

term of probation of less than one year or a prison or jail term of less than 30 days. U.S.S.G. § 4A1.2(c)(1). The defendant was on his way home from hunting coyotes, the citation was issued by a conservation officer, and he was convicted under the game-protective provisions of the state's wildlife code. The presentence investigation report, however, which the district judge adopted without discussion, stated that the defendant's conviction hadn't really been for "an offense related to fish or game," because the citation had been issued at 6:40 p.m., which was afterhours for hunting, and that anyway the defendant could have been convicted for a firearms offense under the state's general criminal code.

The first ground is not persuasive. Carrying one's hunting weapon to and from the place of the hunt is an integral part of hunting—sufficiently so at any rate to make the offense of which Easterly was convicted an offense related to game not only within the meaning of Illinois law (which no one questions), but also within the meaning (a federal meaning) of the term "fish and game violations" in the sentencing guidelines. The presentence investigation report is correct, however, that the defendant also violated the state's general criminal code, which forbids carrying a gun in a motor vehicle. 720 ILCS 5/24–1(a)(4). It is true that there is an exception for "licensed hunters, trappers, or fishermen while engaged in hunting, trapping or fishing." The presentence investigation report does not mention whether the defendant was licensed, but instead appears to assume—and the government makes the assumption explicit in its brief—that the exception is applicable only during the hunt itself. This cannot be, for it would mean that while you could hunt with a gun, you could not transport the gun to or from the place of the hunt. If, however, we go to 720 ILCS 5/24–2(b)(4), we find another exception to the prohibition against carrying a gun in a motor vehicle—you can carry it either "broken down," so that it is not functional, or in a place where it is inaccessible to the driver and passengers, such as the trunk. When the two provisions are put together, it becomes apparent that the hunter is allowed to carry his gun to and from the hunting site in his motor vehicle, but it must be broken down or inaccessible, *People v. Seibech,* 141 Ill.App.3d 45, 95 Ill.Dec. 410, 489 N.E.2d 1138, 1140 (1986)—and the defendant's gun was neither. So he did commit the more serious offense.

But he was convicted only of the fish and game offense, and such convictions (provided the sentence did not exceed the limit specified in the relevant guideline, and it did not here) are not counted in computing the criminal defendant's criminal history. Of course, it is always possible for the district judge to depart upward on the basis that the defendant's record of convictions understates his true criminal history, U.S.S.G. § 4A1.3; *United States v. Paredes,* 87 F.3d 921, 925–27 (7th Cir.1996), but this is a discretionary determination and as the reasoning in the presentence investigation report, adopted as we said by the district court without any discussion, is inadequate, the defendant is entitled to be resentenced. For all we know, the district judge attached conclusive weight to the report's incorrect statement that the defendant had not committed a game violation.

REVERSED.